DANIEL PRÁXEDES NADAL ET AL., Plaintiffs and Appellees, v. MARIANO DANIEL ANTONIO NADAL Y LUGO, ETC., Defendant and Appellant; and OSCAR E. BRAVO, Defendant.

No. 5580. Argued May 4, 1932.—Decided November 28, 1932.

J. Alemañy Sosa for appellant. Oscar Souffront for appellees. J. Sabater for defendant Oscar Bravo.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Ramón Nadal y Freyre, at his death, was the owner of a rural property known as "Hacienda Carolina" which is described in the complaint herein. In the partition of the estate of the deceased, six-sevenths of the property referred to were allotted to the defendant Mariano Daniel Antonio Nadal y Lugo and no provision whatever was made as to the remaining one-seventh portion. The plaintiffs and the defendant herein are the only heirs of said Ramón Nadal y Freyre. The lower court in its findings of fact states that no allotment or appraisal of the said one-seventh portion was made because at that time it was thought that the deceased owned only an undivided interest of six-sevenths in said "Hacienda Carolina," and it was not known that he had acquired the remaining portion prior to his death. The plaintiffs, in their capacity as heirs of Nadal, seek to recover the undivided interest they claim in this one-seventh portion, together with the fruits thereof. The defendant admits that only six-sevenths of the property was allotted to him, but sets up that this was done through an error and denies that either of the plaintiffs has any right to the undivided interest claimed. He asserts that the agreed valuation assigned to the whole property in the partition was the same as the official assessment, namely, $4,662.86; that the allotment thereof made in favor of the defendant was for that amount, although it was erroneously recited that the deceased was the owner of only six-sevenths of the said property when he actually owned the entire property; and that the allotment was made in favor of the defendant for the total value of the property.

The court below sustained the complaint, denied the cross-complaint filed by the defendant, and imposed costs on the latter.

The defendant and appellant assigns several errors as committed by the lower court, but really the only question to be decided in this case is whether or not the plaintiffs are the

owners of the undivided interest that they claim in the "Hacienda Carolina". The parties are in accord that when Ramón Nadal y Freyre died, he was the owner of the whole property above referred to, and that the six-sevenths thereof included in the inventory was the only portion allotted to the defendant as his share of the inheritance. The court *a .quo* states in its findings of fact that the remaining one-seventh was purchased by Ramón Nadal y Freyre from Mrs. Dolores Nadal de Gálvez; that the whole property was leased to Oscar Bravo; and that the latter has been paying one-seventh of the rent to Mrs. Gálvez or her heirs, as owners of the portion of the property not allotted in the partition. The court further states that the proceeds of such payment to Mrs. Gálvez or her estate were deposited in the office of the clerk of said court.

The defendant, in support of his contention that he is the sole owner of said property, argues that the valuation of the real estate allotted to the heirs was based on the official assessment thereof made for taxation purposes, and that the agreed valuation fixed for the six-sevenths of the property in question was the same as that shown for the whole property by the official assessment.

In the testamentary proceedings of Ramón Nadal y Freyre, the commissioner in partition allotted to the defendant an undivided interest in the said property, thus:

"An undivided interest of six-sevenths of the property called Carolina, located in the ward of Guanajibo, consisting of seventy-nine acres (*cuerdas*) and fifty-two hundredths, listed in the inventory under letter 'B,' Number Five, Section of Rural Properties, and valued at FOUR THOUSAND SIX HUNDRED AND SIXTY-TWO DOLLARS AND EIGHTY-SIX CENTS. . . ."

This allotment was later ratified by the arbitrator appointed by the court, as follows:

"The undivided six-sevenths interest in the Carolina property, that is, all the interest which the deceased held in said property,

is valued at $4,662.86 and the same could be easily sold for a sum fluctuating between $4,500 and $5,000, inasmuch as the Mayagüez Sugar Company pays an annual rent thereon amounting to $300.''

Both the commissioner in partition and the arbitrator referred to an undivided interest and clearly specified that six-sevenths of the property was allotted to the defendant. It is clear that if a condominium was allotted, this did not include the whole, which constituted the entire estate (*dominio completo*). The arbitrator, in referring to the six-sevenths portion, stated that the same constituted all the interest held by the deceased in the property; he did not know that the remaining one-seventh was owned by the said Ramón Nadal y Freyre. In the testamentary proceeding already mentioned, the six-sevenths portion of the property was definitely allotted to the defendant and was repeatedly mentioned, and it was stated that this undivided interest had been acquired by the deceased. Moreover, the unallotted rent pertaining to the one-seventh portion was paid to Mrs. Gálvez and not to the defendant. The property was leased to Mr. Oscar Bravo on December 8, 1925. It clearly appears, and the defendant so admits in his brief, that this one-seventh portion of the property was not included in the partition because the parties in interest did not then know that it belonged to Ramón Nadal y Freyre. This being so, the conclusion is unavoidable that it could not have been the intention of the parties to dispose of a property the ownership of which, to their knowledge, was not vested in their ancestor.

As regards the valuation of the six-sevenths portion, the most reasonable conclusion, in view of the clearness of the evidence, is that the parties to the partition knowingly agreed to appraise the said undivided interest at $4,662.86, particularly inasmuch as the arbitrator himself states in his report that this condominium could easily be sold for an amount fluctuating between $4,500 and $5,000.

The defendant claims that the lower court erred in imposing costs on him. We dismiss this contention, as we are of opinion that said court was justified in making that pronouncement in the exercise of its discretion.

The judgment appealed from must be affirmed.